**CIRCUIT COURT OF SPOTSYLVANIA COUNTY**

T. Campbell
t/a Custom Design Heating
and Air Conditioning

v.

A. David Lanier et al.

April 23, 1987

By JUDGE WILLIAM H. LEDBETTER, JR.

This mechanic's lien enforcement suit is before the court on a motion for summary judgment filed by the landowner, Fredericksburg Savings & Loan Association. Arguments of counsel were heard on April 20, 1987.

The complainant (Campbell) filed his memorandum of mechanic's lien on January 12, 1984 (Deed Book 606 at page 220). This fact, established in the record, is not in dispute.

Campbell filed his bill to enforce the lien on June 25, 1984. This fact, established in the record, is not in dispute. (Campbell also requested that he be awarded judgment against all of the respondents, jointly and severally.)

The Laniers are in default. The other respondents, including the landowner, filed responsive pleadings denying the essential allegations in the bill.

After discovery, the landowner moved for summary judgment on the ground that the last work on the job by Campbell took place more than 90 days prior to the filing of the memorandum. Therefore, the landowner argues, the lien was not timely perfected and suit must be dismissed.

Prior to July 1, 1980, the time within which a mechanic's lien claimant could file a memorandum of lien was

"at any time after the work is done and material furnished by him and before the expiration of 90 days from the time such building . . . is completed or the work thereon otherwise terminated." *See* Virginia Code § 43-4 prior to 1980 amendment. Thus, under former law, the date on which the claimant last performed work did not matter for purposes relevant here; the commencement date for calculating the time limitation for lien filing was the date of completion or termination of *all* work on the job. In essence, the claimant had 90 days from such date within which to perfect his lien.

In 1980, the legislature rewrote Section 43-4. The revision constituted a new approach regarding lien filing periods.

As rewritten, the statute requires that a lien be filed "not later than 90 days from the last day of the month in which *he* [i.e., the claimant] last performs labor or furnishes material." Thus, the shift of focus from date of completion of *all* work to date of completion of the *particular lien claimant's* work is obvious.

After the above-quoted language, this phrase is added: "but in no event later than 90 days from the time such building . . . is completed or work thereon otherwise terminated . . . ."

This second phrase in the rewritten statute qualifies and limits the first phrase. It does not expand the time limitation back to the pre-1980 limitation period which began to run at time of completion of all work.

There is another qualifying phrase in the revised statute. Although a claimant now may file a lien prior to completing all his work on a job, and more than one lien may be filed in connection with a job, no lien can include sums due for labor or materials furnished more than 150 days prior to the last day on which labor was performed or material furnished to the job by that claimant preceding the filing of such lien.

Under Rule 3:18, summary judgment may be granted at any time after the parties are at issue if there is no material fact genuinely in dispute. Summary judgment, interlocutory in nature, is available as to an undisputed portion of a contested claim.

In his bill, Campbell alleged that he completed his work "by December 1983." However, in answers to interrogato-

ries, filed on August 1, 1984, Campbell stated that he last provided labor or material to the job on July 29, 1983. This fact was stipulated at the hearing on April 20, 1987.

It is now undisputed that the claimant's last work on the job was performed on July 29, 1983, and that his memorandum of mechanic's lien was filed on January 12, 1984. Since the memorandum was not filed within the time period provided in Virginia Code Section 43-4, it is invalid. Since there is no fact genuinely in dispute with regard to that issue, summary judgment should be entered as to that portion of the suit relating to enforcement of Campbell's mechanic's lien.

Counsel for the landowner will prepare, circulate and present an appropriate order. The court will provide available dates for an ore tenus evidentiary hearing on the remaining issues in the suit.